P. P. PICKARD, Comptroller, *v.* W. A. HENDERSON.

JUDGES, SPECIAL. *Salary. Constitutional Law.* The act of 1877, chapter 135, which provides "that hereafter, when by reason of the incompetency, sickness or other cause, any judge or chancellor of the inferior courts shall be unable to hold his courts, and a special judge shall be appointed or elected, said special judge shall receive no compensation from the State, unless in the recommendation or certificate of the regular judge or chancellor for the appointment of such special judge or chancellor, he shall expressly authorize the said judge or chancellor to be paid out of his regular salary," is constitutional.

FROM KNOX.

Appeal in error from the Circuit Court of Knox county. S. A. ROGERS, J.

ATTORNEY-GENERAL LEA for Pickard.

A. S. PROSSER for Henderson.

DEADERICK, C. J., delivered the opinion of the court.

This is a petition for *mandamus* by W. A. Henderson, to compel Pickard, the comptroller, to issue his warrant in his favor for $144, for twenty-four days' service as special judge of the criminal court of Knox county.

It appears, that at and before the January term, 1885, of said criminal court, the Hon. M. L. Hall, the regularly elected and qualified judge of that court, was unable to hold said term of his court on account of sickness, which fact he certified to the governor. Thereupon Hon. W. A. Henderson was commissioned by the governor to hold said January term of the court, "with all the powers, privileges and emoluments thereunto appertaining by law."

A peremptory *mandamus* was ordered by the judge directing the comptroller, Pickard, to issue a warrant in favor of petitioner for the amount claimed by him, and thereupon said Pickard appealed to this court.

The question presented in this record is, whether there are any emoluments appertaining to such service, by the law, as it existed at the time of the performance of such service.

The comptroller can, under the law, only draw his warrant upon the treasury for such sums as may be found due from the State; and then he is required to specify the statute or authority under which such warrant issued: New Code, sec. 238, sub-sec. 2.

He insists that the act of 1877, chapter 135, prohibits the issuance of any warrant in favor of peti-

tioner. That act provides as follows: "That hereafter, when by reason of the incompetency, sickness, or other cause, any judge or chancellor of the inferior courts shall be unable to hold his courts, and a special judge shall be appointed or elected, said special judge shall receive no compensation from the State, unless in the recommendation or certificate of the regular judge or chancellor for the appointment of such special judge or chancellor, he shall expressly authorize the said judge or chancellor to be paid out of his regular salary, in which event said special judge ' or chancellor shall receive such pay as the regular judge or chancellor should have received for the same length of time, to be deducted out of the salary of the regular judge or chancellor: New Code, sec. 4693.

It is argued for the petitioner, that this act is unconstitutional, by reason of its seeking to take from the salary of the regular judge part of his pay, and thus diminish his salary during his term, for the purpose of paying the special judge. The case of *Burch* v. *Baxter*, 12 Heis., 601, is cited as sustaining this objection. But the act of 1870, under which this case arose, provided imperatively, that the salary of the regular judge, for the time of his disability, should be applied to the payment of the salary of the special judge who supplied his place. And this act was properly held to be unconstitutional because it diminished the salary of the regular judge during his continuance in office.

But the act of 1877 was in force when the office of special judge was accepted by petitioner, and it

Pickard *v.* Henderson.

plainly declared that such special judge should receive no compensation from the State unless the regular judge, in his certificate of disability, should expressly authorize the special judge to receive his pay out of the salary due to said regular judge. It makes the payment depend upon the consent of the regular judge. He is not deprived by the act of any part of his salary. But while the State declares she will not pay a special judge, it leaves it optional with the regular judge to authorize such payment or not, out of what is due to him, and this consent to so pay the special judge must be attested by written order of the regular judge. If the certificate contains no such expression of consent, then there can be no pretense. that the salary of the regular judge is diminished. And the special judge accepts the office, with the act of 1877 in full force, as the latest expression of the legislative will, that no compensation will be paid by the State for such service.

It is only by virtue of the law that a salary can be claimed for official services. The Legislature may refuse, as they have done in this case, to give any pay out of the State treasury to special judges, unless the regular judge agrees that it may be taken out of his salary. This he may, or may not do. But unless he voluntarily relinquishes a part of his salary, he is entitled to it all. But if he chooses to release a part, we see no reason why he may not do it.

The Legislature, undoubtedly, might make provision for the payment of special judges. But we think they have the undoubted power to refuse to do so,

if they think proper, and the comptroller can only issue his warrant for the payment of money where such payment is authorized by law.

We are, therefore, of opinion that the comptroller is not authorized by law to issue the warrant, which it is sought in this case to compel him to issue, but on the contrary, we hold the act of 1877 forbids him to do so, and that said act is valid and constitutional. The judgment will be reversed and the petition will be dismissed with costs.

TURNEY, J., dissents.